# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAREL SPIKES,<br><br>　　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>ESSEL COMMERCIAL, L.P.; HECTOR SANCHEZ doing business as PRECISION MOTOR; and DOES 1-10,<br><br>　　　　　　　　　　　　Defendants. | Case No.: 19cv1592 JM(MSB)<br><br>**ORDER ON MOTION TO DISMISS** |

Presently before the court is a motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) filed by Defendants Essel Commercial, L.P., ("Essel"), and Hector Sanchez dba Precision Motor ("Precision Motor"), (collectively "Defendants"). (Doc No. 8.) The motion has been fully briefed and the court finds it suitable for submission on the papers and without oral argument in accordance with Civil Local Rule 7.1(d)(1). For the reasons set forth below, the motion is granted in part and denied in part.

**Background**

On August 24, 2019, Plaintiff filed this lawsuit asserting violation of the Americans with Disabilities Act ("ADA") of 1990, 42 U.S.C. §12101, *et seq.*, along with claims for violation of the California's Unruh Civil Rights Act ("Unruh"), violation of the California Disabled Persons Act ("DPA"), violation of California Health and Safety Code section

1

19955, *et seq.*, negligence per se, negligence, declaratory relief, and injunctive relief. (Doc. No. 1.)

In response to Defendants' motion to dismiss, on October 23, 2019, Plaintiff filed an amended complaint ("FAC"). (Doc. No. 4.). The FAC alleges the same claims as the original complaint. (FAC at ¶¶ 25-58.)

On January 30, 2019, Plaintiff, a below the knee amputee who uses a wheelchair, went to the automobile repair and service business known as Precision Motor. (FAC at ¶¶ 4, 14.) Precision Motor is located at 619 K St, Chula Vista, California, 91910 (the "subject property"). (*Id.* at ¶ 4.) It is alleged that Essel is the fee owner of the subject property and that Precision Motor is a place of public accommodation "operated by and/or under the control of and/or with the cooperation of" Essel. (*Id.* at ¶¶ 5, 6.)

Plaintiff alleges that on the day he decided to patronize Precision Motor, he drove to the business and began searching the parking lot provided by the business for an accessible parking space. (*Id.* at ¶ 16.) Plaintiff was unable to find a spot because there was no designated accessible handicapped parking on the site and no signs indicating that there was handicapped parking available as required by the Americans with Disabilities Act Accessibility Guidelines ("ADAAG") for Building and Facilities section 4.6.4. (*Id.* at ¶¶ 14, 16.) Plaintiff alleges that he became very anxious in anticipation of being forced to use a non-accessible spot because his disability means he requires extra space to enter and exit his vehicle safely. (*Id.* at ¶ 16.) It is alleged that being forced to use a non-accessible parking space caused Plaintiff difficulty maneuvering and made him fearful that the lack of space would result in a serious injury. (*Id.*) It is also alleged that there are approximately 6 or more marked parking spaces serving the business. (*Id.* at ¶ 15.)

Plaintiff also alleges that Defendants failed to provide an accessible route from the parking lot, or signage indicating such a route, to the business entrance as required by ADAAG section 216.6. (*Id.* at ¶ 17.) It is alleged that as a result of searching for a designated path to accommodate his special needs, Plaintiff became increasingly frustrated, angry and upset. (*Id.*) Plaintiff maintains that his lack of mobility means he requires a flat,

smooth surface in order to reach a business entrance safely, and that he experienced fear at the thought of encountering hazardous obstacles and sustaining serious injury when travelling to the entrance of Precision Motor. (*Id.*) Relatedly, it is alleged that "Defendant has a policy and/or practice of parking the vehicles which are awaiting service in the spots provided for customers…This practice, coupled with a lack of designated accessible parking, results in a situation where disabled customers who require additional space to enter and exit their vehicle are unable to safely park in the space provided." (*Id.* at ¶ 18.)

Plaintiff alleges that as a result of these barriers he was denied full and equal access to a place of public accommodation. (*Id.* at ¶ 13.) Plaintiff alleges he lives in Spring Valley, near Precision Motor, and will return and continue to visit it in the future "for the purposes of using and enjoying the facility's accommodations, and to evaluate the facility's accessibility to individuals with disabilities or to determine if other forms of discrimination exist." (*Id.* at ¶¶ 11, 14.)

On October 24, 2019, Defendants filed a motion seeking to dismiss the complaint in its entirety under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. (Doc. No. 8.) Plaintiff filed his opposition to the motion, (Doc. No. 9), and Defendants filed a reply, (Doc. No. 10).

**Legal Standard**

Federal Rule of Civil Procedure 12(b)(1) allows a party to move to dismiss based on the court's lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). "[T]hose who seek to invoke the jurisdiction of the federal courts must satisfy the threshold requirement imposed by Article III of the Constitution by alleging an actual case or controversy." *City of L.A. v. Lyons,* 461 U.S. 95, 101 (1983). Article III requires that: "(1) at least one named plaintiff suffered an injury in fact; (2) the injury is fairly traceable to the challenged conduct; and (3) the injury is likely to be redressed by a favorable decision." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992) (quotation marks and citation omitted). Plaintiff has the burden of establishing that the court has subject matter jurisdiction over an action. *Ass'n of Med. Colls. v. U.S.*, 217 F.3d 770, 778-79 (9th Cir. 2000). "For

3

purposes of ruling on a motion to dismiss for want of standing, both the trial judge and reviewing courts must accept as true all material allegations of the complaint and must construe the complaint in favor of the complaining party." *Maya v. Centex Corp.,* 658 F.3d 1060, 1068 (9th Cir. 2011) (quoting *Warth v. Seldin,* 422 U.S. 490, 501 (1975)). "At the pleadings stage, general factual allegations of injury resulting from the defendant's conduct may suffice, for on a motion to dismiss we presume that general allegations embrace those specific facts that are necessary to support the claim." *Id.* (internal citation and quotation marks omitted).

Under Federal Rule of Civil Procedure 12(b)(6), a party may bring a motion to dismiss based on the failure to state a claim upon which relief may be granted. A Rule 12(b)(6) motion challenges the sufficiency of a complaint as failing to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). Ordinarily, for purposes of ruling on a Rule 12(b)(6) motion, the court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the non-moving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.,* 519 F.3d 1025, 1031 (9th Cir. 2008). But even under the liberal pleading standard of Rule 8(a)(2), which requires only that a party make "a short and plain statement of the claim showing that the pleader is entitled to relief," a "pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Twombly,* 550 U.S. at 555). "Determining whether a complaint states a plausible claim for relief … [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

**Requests for Judicial Notice**

Defendants make two separate requests for judicial notice.

First, Defendants ask the court to take judicial notice of: Exhibit A, the complaint filed in *Schutza v. Cuddeback*, Case No. 16-cv-2746-BAS-KSC (S.D. Cal. Nov. 7, 2016) (Doc. No. 8-3). Defendants move for judicial notice under Federal Rule of Evidence 201

because a court may take judicial notice of matters of public record. *See* Fed. R. Evid. 201(b), *Lee v. City of L.A.*, 250 F.3d 668, 689-690 (9th Cir. 2001) (taking judicial notice of exhibits attached to the motion to dismiss that were undisputed matters of public record). Plaintiff oppose the request for judicial notice, asserting that "Defendants do not provide the Court with sufficient information to determine whether any of the facts set forth in *Cuddeback* are undisputed and should be a proper subject of judicial notice." (Doc. No. 9 at 7.[1]) The complaint in *Cuddeback* serves no purpose to the court, and does not, as Defendants suggest, provide the court with persuasive legal authority of anything. Accordingly, the court declines to take judicial notice of the *Cuddeback* complaint.

Second, Defendants ask the court to take judicial notice of: Exhibit B, the complaint filed in *Bentley v. Essel Commerical, L.P., et al.*, Case No. 37-2019-00045315-CU-CR-CTL, in the Superior Court of San Diego, Central Branch on August 19, 2019. (Doc. No. 10-2.) Defendants again move under Rule 201(b). Accordingly, the court takes judicial notice of the *Bentley* complaint.[2]

**Discussion**

Defendants attack the complaint on standing and failure to state a claim grounds and urge the court to decline supplemental jurisdiction over the state law claims. The court will address each argument in turn.

*1. Plaintiff's Standing to Bring a Claim*

First, Defendants assert that Plaintiff lacks standing because he does not state facts showing redressability, causation, or injury-in-fact. (Doc. No. 8-1 at 10-14.) The court is not persuaded.

---

[1] Document numbers and page references are to those assigned by CM/ECF for the docket entry.

[2] The relevance of Plaintiff's counsel's decision to sue Defendants in a personal capacity is discussed in more detail below and is why the court is taking judicial notice of the *Bentley* complaint.

5

"There is no subject matter jurisdiction without standing, and the "irreducible constitutional minimum" of standing consists of three elements." *Romero v. Securus Technologies, Inc.,* 216 F. Supp. 1078, 1085 (2016). A plaintiff must have "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robbins*, 136 S. Ct. 1540, 1547 (2016). At the pleading stage, the plaintiff must clearly allege facts demonstrating each element. *Id.*

"To establish injury in fact, a plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Id.* (quoting *Lujan*, 504 U.S. at 560). "A 'concrete' injury must be '*de facto*'; that is, it must actually exist." *Id.*

In ADA cases, within the Ninth Circuit,

> once a disabled individual has encountered or become aware of alleged ADA violations that deter his patronage of or otherwise interfere with his access to a place of public accommodation, he has already suffered an injury in fact traceable to the defendant's conduct and capable of being redressed by the courts, and so he possesses standing under Article III….

*Doran v. 7-Eleven, Inc.*, 524 F.3d 1034, 1042 n.5 (9th. Cir. 2008). But a barrier only amounts to such interference if it affects the plaintiff's full and equal enjoyment of facility on account of his particular disability. *Chapman v. Pier 1 Imports (U.S.) Inc.,* 631 F.3d 939, 947 (9th Cir. 2011); *see also Oliver v. Ralphs Grocery Co.*, 654 F.3d 903, 948 (9th Cir. 2011) (an ADA plaintiff must show he "personally encountered barriers … that impaired his full and equal enjoyment of the facility due to his particular disability").[3] Because the ADAAG "establishes the technical standards required for 'full and equal

---

[3] *See also Doran*, 524 F.3d at 1047 ("[a]n ADA plaintiff who has Article III standing as a result of at least one barrier at a place of public accommodation may, in one suit, permissibly challenge all barriers in that public accommodation that are related to his or her specific disability.")

enjoyment,' if a barrier violating these standards relates to a plaintiff's disability, it will impair the plaintiff's full and equal access, which constitutes 'discrimination' under the ADA.'" *Chapman,* 631 F.3d at 648. Such discrimination will satisfy the injury-in-fact element.

Here, for Plaintiff to have Article III standing, the FAC must allege facts demonstrating that he suffered a concrete injury as a result of the ADA violations alleged in the FAC and how the ADA violations were a barrier to his full and equal enjoyment. The FAC satisfies these requirements. Plaintiff claims Precision Motor is not accessible to him because the Defendants failed to comply with ADAAG sections 4.6.4 and 216.6. (FAC ¶¶ at 16, 17.) The FAC alleges that on the date of Plaintiff's visit, the 6 or more marked parking lot spaces provided by Precision Motor had "no designated accessible handicapped parking" nor was "there any signage indicating that there was handicapped parking available." (*Id.* at ¶¶ 14-16.) Plaintiff then explains how he searched for an accessible parking spot, was unable to find one, and was forced to use a non-accessible parking space. (*Id.* at ¶ 16.) When using the non-accessible spot, Plaintiff alleges that because he requires extra space to enter and exit his vehicle safely, he "had difficulty maneuvering and was fearful that the lack of space would result in falling and sustaining serious injury." (*Id.* at ¶16.) The FAC alleges that after exiting the vehicle, Plaintiff began searching for an accessible route of travel to the business but was unable to find one. (*Id.* at ¶ 17.) Plaintiff alleges that because of his disability and lack of mobility he "requires a flat, smooth surface in order to reach a business entrance safely." (*Id.*) These allegations are sufficient to show how these are barriers to accessibility under ADAAG. Plaintiff has also identified what difficulty the parking barriers and lack of accessible route of travel created for him. S*ee, e.g., Safer Chemicals, Healthy Families v. U.S. Envtl. Prot. Agency*, 943 F.3d 397, 411 (9th Cir. 2019) ("A 'particularized' injury is one that 'affect[s] the plaintiff in a personal and individual way.'").

Additionally, Plaintiff has traced the challenged conduct of each Defendant to himself. *See Spokeo*, 136 S. Ct. at 1547 (plaintiff's injury must be "fairly traceable to the

7

challenged conduct of the defendant.") Plaintiff has alleged that it is Essel who owns the subject property from which Precision Motor operates and that the parking lot is provided by "the Business and located on the Subject Property." (*See* FAC at ¶¶ 6, 15.)

Finally, "[to] establish standing to pursue injunctive relief, which is the only relief available to private plaintiffs under the ADA, [a plaintiff] must demonstrate a 'real and immediate threat of repeated injury' in the future." *Chapman*, 631 F.3d at 946. As the Ninth Circuit has explained, "under the ADA, once a plaintiff has actually become aware of discriminatory conditions existing at a public accommodation, and is thereby deterred from visiting or patronizing that accommodation, the plaintiff has suffered an injury." *Pickern v. Holiday Quality Foods Inc.*, 292 F.3d 1133, 1136-37 (9th Cir. 2002). As long as the discriminatory conditions continue, and as long as plaintiff is aware of them and remains deterred, the injury continues. *Id.* at 1137. Here, Plaintiff has alleged that he lives in Spring Valley, near Precision Motor, that he intends to continue to visit this place of public accommodation and will do so in the future to enjoy its accommodations and to "evaluate the facility's accessibility to individuals with disabilities or to determine if other forms of discrimination exist." (FAC at ¶¶ 11, 14.) These facts present a reasonable likelihood that Plaintiff will return.

Accordingly, the motion to dismiss the complaint, made pursuant to Rule 12(b)(1), is **DENIED**.

*2. Plaintiff has Stated a Claim under the ADA*

Second, Defendants assert that Plaintiff has not pled facts sufficient to state a claim under the ADA[4]. (Doc. No. 8-1 at 12-17.) The court disagrees.

Title III of the ADA prohibits discrimination against disabled persons in any place of public accommodation. 42 U.S.C. § 12182. The definition of the term "public

---

[4] Because the court is declining supplemental jurisdiction over the state law claims, the court declines to address Defendants' arguments regarding whether these claims are sufficiently pled.

8

accommodation" is expansive and includes places of recreation, exercise, establishments serving food and/or drink, and sales or rental establishments. *See id.* § 12181(7)(A)-(L). The concept of discrimination under the ADA includes obviously exclusionary conduct and "more subtle forms of discrimination – such as difficult-to-navigate restrooms and hard-to-open doors that interfere with disabled individuals' 'full and equal enjoyment' of places of public accommodation." *Chapman,* 631 F.3d at 945 (quoting §12182(a)). To establish a violation of Title III of the ADA, a plaintiff must show that: "(1) he is disabled as that term is defined by the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; (3) the defendant employed a discriminatory policy or practice; and (4) the defendant discriminated against the plaintiff based upon the plaintiff's disability by (a) failing to make a requested reasonable modification that was (b) necessary to accommodate the plaintiff's disability." *Fortyune v. Am. Multi-Cinema, Inc.*, 364 F.3d 1075, 1082 (9th Cir. 2004).

Here, Defendants do not dispute that Plaintiff, as a below knee amputee who uses a wheelchair, is qualified as an individual with a disability as provided by the Act. It is alleged that Defendant Essel owns the subject property located at 619 K St., Chula Vista, California, 91910 and that Precision Motor is the lessor or lessee of the property. (FAC at ¶¶ 4, 6.) The FAC sufficiently alleges that Precision Motor is a place of public accommodation because it identifies it as a business establishment which offers automobile repair services to the public. (*Id.* at ¶ 5.) And, as discussed above, Plaintiff has sufficiently alleged that Defendants have employed a discriminatory policy or practice by failing to provide accessible parking spaces and paths of travel. (*See id*. at ¶ 5, 14-18.) Further, Plaintiff has also adequately pled that his denial of access to the public accommodation was motivated by his alleged disability. (*Id.*) Accordingly, Defendants' motion to dismiss Plaintiff's ADA claim, made pursuant to Rule 12(b)(6), is **DENIED**.

*3. Jurisdiction Over Plaintiff's State Law Claims*

Defendants move the court to decline to exercise supplemental jurisdiction over Plaintiff's state law claims. (Doc. No. 8-1 at 18-20.)

28 U.S.C. § 1367 allows a federal court to exercise supplemental jurisdiction over state law claims when it has original jurisdiction over claims arising from the same case or controversy. A district court may decline supplemental jurisdiction over a state law claim under § 1367(c) if:

> (1) the claim raises a novel or complex issue of state law,
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c). *See also Schutza v. Cuddeback*, 262 F. Supp. 3d 1025, 1028 (S.D. Cal. 2017) ("Supplemental jurisdiction is mandatory unless prohibited by § 1367(b), or unless one of the exceptions in § 1367(c) applies."). Additional factors that district courts should consider when deciding whether to exercise supplemental jurisdiction, "includ[e] the circumstances of the particular case, the nature of the state law claims, the character of the governing state law, and the relationship between the state and federal claims." *City of Chi. v. Int'l Coll. of Surgeons.*, 522 U.S. 156, 173 (1997).

"While the presence of any of the conditions in § 1367(c) triggers the court's discretion to decline supplemental jurisdiction, it is informed by considering "the values of economy, convenience, fairness, and comity." *Acri v. Varian Assocs., Inc.*, 114 F.3d 999, 1001 (9th Cir. 1997). A court may decline supplemental jurisdiction under the first three provisions of § 1367(c) without explanation. *San Pedro Hotel Co. v. City of L.A.*, 159 F.3d 470, 478 (9th Cir. 1998). If a court declines jurisdiction under the fourth provision, it must articulate why the case presents exceptional circumstances. *Id.* (citing *Exec. Software N. Am., Inc. v. U.S. Dist. Ct.*, 24 F.3d 1545, 1557 (9th Cir. 1994)).

///
///
///

Here, Defendants argue that Plaintiff's state law claims substantially predominate over his ADA claim.[5] *See* 28 U.S.C § 1367(c)(2). The court agrees.

First, the proof and issues raised by Plaintiff's ADA and state law claims differ. A plaintiff may recover under the Unruh Act by showing either intentional discrimination or a violation of the ADA, but an ADA plaintiff need not demonstrate intentional discrimination. *See* CAL CIV CODE § 51(f); *Cohen v. City of Culver City*, 577 F. App'x 745, 746 (9th Cir. 2014); *Lentini v. Cal. Ctr. for the Arts*, 370 F.3d 837, 846-47 (9th Cir. 2004); *Munson v. Del Taco, Inc.*, 46 Cal. 4th 661, 664-66 (2009). Here, Plaintiff asserts one federal claim, along with seven separate state law claims, although two of the state law claims are in actuality "claims for declaratory relief and injunctive relief." Plaintiff alleges that Defendants' violations of the Unruh Act were "willful and with conscious, deliberate or reckless disregard for the rights of disabled persons." (FAC at ¶ 33.) In addition, Plaintiff alleges that Defendants acted with negligence and negligence per se. (*Id.* at ¶¶ 46, 51.) By alleging intentional and negligent conduct, Plaintiff raises issues that are irrelevant to his ADA claim.

Second, Plaintiff primarily seeks relief unavailable under the ADA. Under the ADA, a plaintiff may only seek injunctive relief and is not entitled to damages. *Wander v. Kaus*, 304 F.3d 856, 858 (9th Cir. 2002). However, the Unruh Act and DPA allow a plaintiff to seek damages and attorneys' fees. CAL. CIV. CODE §§ 52, 54.3[6]; *Kaus*, 304 F.3d at 858.

---

[5] The court notes that in the Reply, Defendants reference how federal courts "have told this *same plaintiff* that he should stop forum shopping," citing *Rutherford v. Ara Lebanese Grill,* No. 18-cv-01498-AJB-WVG, (Doc. No. 10 at 4), and referring to an order to show cause issued in *Rutherford v. BLM Victorville*, No. ED CV 19-2017-DMG (SPx) claiming it was the "SAME PLAINTIFF," (*id.* at 9). But Mr. Rutherford is not the Plaintiff here, it is Mr. Spikes and he was not a plaintiff in those actions.

[6] Any violation of the ADA is also a violation of the Unruh Act. *Munson*, 46 Cal. 4th at 671. However, a plaintiff may obtain damages and other relief under the Unruh Act that is unavailable under the ADA. *See id.*

11

Plaintiff seeks injunctive relief, statutory damages, punitive and exemplary damages, attorneys' fees, and treble damages under the Unruh Act and DPA. Plaintiff alleges at least two violations of the AADAG related to the parking lot and paths of travel. If proven, these violations would entitle Plaintiff to a minimum of $8,000 in statutory damages under the Unruh Act. *See* CAL. CIV. CODE § 52(a) (The Unruh Act provides that a defendant is "liable for each and every offense for the actual damages, and any amount that may be determined by a jury, or a court sitting without a jury, up to a maximum of three times the amount of actual damages but in no case less than four thousand dollars ($4,000)."). Further, Plaintiff seeks an award of compensatory and punitive damages, and an award of up to three times the amount of actual damages pursuant to the Unruh Act and the DPA. (FAC at 13.) The monetary damages Plaintiff seeks under the Unruh Act, DPA, and California common law substantially predominate over his request for injunctive relief under the ADA. *See also Cuddeback*, 262 F. Supp. 3d at 1030 (finding that monetary damages of $36,000 sought by plaintiff under the Unruh Act substantially predominate over federal injunctive relief); *Org. for Advancement of Minorities with Disabilities v. Brick Oven Rest.*, 406 F. Supp. 2d 1120, at 1131 (S.D. Cal. 2005) (holding that potential statutory damage award of $56,000 under Unruh Act substantially predominated over injunctive relief under the ADA); *Rutherford v. Ara Lebanese Grill*, No. 18cv1497 AJB (WVG), 2019 WL 1057919, at *4 (S.D. Cal. Mar. 6, 2019) (holding that potential statutory damage award of over $32,000 under Unruh Act substantially predominated over injunctive relief under the ADA); *Schutza v. Lamden*, Case No.: 3:17-cv-2562-L-JLB, 2018 WL 4385377, at *4 (S.D. Cal. 2018) ("Considering proof of the presently alleged violations would entitle him to a minimum of $ 12,000—a minimum of $ 4,000 for each offense, plaintiff's allegations indicate his predominant focus is uncovering as many possible violations as possible and recovery of money damages under the Unruh Act.").

Furthermore, the important interests of comity and the discouragement of forum shopping provide additional reasons for declining supplemental jurisdiction. *See United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966) (holding that comity is a factor to be

considered before exercising supplemental jurisdiction.) In 2012, in order to protect its citizens and businesses from abusive litigation and to deter baseless claims, California adopted heightened pleading requirements for disability discrimination lawsuits under the Unruh Act. *See* CAL. CIV. P. CODE § 425.504; SB 1186, Chapter 383, § 24 (Cal. 2012). Plaintiff and his counsel's practice of filing duplicative actions against the same defendants in both federal court and state court suggests that California's procedural protections are especially warranted when the court considers the 31 complaints the duo have filed since 2019.[7] Notwithstanding the 15 actions listed, there are other disability discrimination cases

---

[7] In *Spikes v. Arabo*, 19cv1594-W-MDD (S.D. Cal. Jan 27, 2020), Magistrate Judge Dembin issued an order to show cause (CM/ECF Dkt Entry No. 6) wherein he details the 15 instances (including this action) where Mr. Bentley has filed a case in the Southern District of California on behalf of Mr. Spikes for violation of the ADA and related state law claims and then proceeded to file a lawsuit on his own behalf nearly identical to the federal action in San Diego Superior Court against the same defendants. The list of lawsuits are: *Bentley v. 123 Broadway Partners LLC*, Case No. 37-2019-00006107-CU-CR-CTL; *Spikes v. 123 Broadway LLC, et al.*, Case No. 19cv194-CAB-KSC; *Bentley v. ABU Noah Investments LLC*, Case No. 37-2019-00046244-CU-CR-CTL; *Spikes v. ABU Noah Investments, LLC, et al.*, Case No. 19cv1672-BAS-WVG; *Bentley v. All Pro Auto Repair Inc.*, Case No. 37-2019-00045301-CU-CR-CTL; *Spikes v. All Pro Auto Repair Inc., et al.*, Case No. 19cv1591-CAB-WVG; *Bentley v. Boden*, Case No. 37-2019-00016319-CU-CR-CTL; *Spikes v. Boden*, Case No. 19cv630-AJB-MDD; *Bentley v. Carl A. Chase Living Trust 12-10-14*, Case No. 37-2019-0045334-CU-CR-CTL; *Spikes v. Carl A. Chase Living Trust (12-00010-14) et al.*, Case No. 19cv1597-W-BGS; *Bentley v. Chula Vista Rentals*, Case No. 37-2019-00018021-CU-CR-CTL; *Spikes v. Chula Vista Rentals, LLC, et al.*, Case No. 19cv641-H-BGS; *Bentley v. El Mexicano Newspaper, Inc.*, Case No. 37-2019-00006099-CU-CTL; *Spikes v. El Mexicano Newspaper, Inc. et al.*, Case No. 19cv195-DMS-MSB; *Bentley v. Essel Commercial LP*, Case No. 37-2019-00045315-CU-CR-CTL; *Spikes v. Essel Commercial L.P.*, et al., Case No. 19cv1592-JM-MSB; *Bentley v. Lavenant*, 37-2019-00006114-CU-CR-CTL; *Spikes v. Lavenant,* 19cv197-L-MSB; *Bentley v. Terrence William Mann Trustee of the Terrence William Mann Trust and Trustee of the Mann Family Trust 3-13-04*, Case No. 37-2019-00016311-CU-CR-CTL; *Spikes v. Mann, et al.*, Case No. 19cv633-JLS-RBB; *Bentley v. PGN198 Inc.*, 37-2019-00016522-CU-CR-CTL; *Spikes v. PGN198, Inc. et al.*, Case No. 19cv543-MMA-AHG; *Bentley v. Rosam LLC.*, Case No. 37-2019-00045065-CU-CR-CTL; *Spikes v. Rosam, LLC. et al.*, Case No. 19cv1604-MMA-WVG; *Bentley v. San Diego Investments, LLC.*, Case No. 37-

13

that Plaintiff has filed within this district, and an online search of cases filed by "Karel Spikes" in San Diego County Superior Court reveals 12 cases filed since 2017[8]. "Therefore, as a matter of comity, and in deference to California's substantial interest in discouraging unverified disability claims, the Court declines supplemental jurisdiction over Plaintiff's Unruh Act claim." *Cuddeback,* 262 F. Supp. 3d at 1031.

Finally, "federal courts may properly take measures to discourage forum shopping." *Rutherford v. Econolodge,* No. 18cv147 LAB (JMA), 2019 WL 950329, at * 3 (S.D. Cal. Feb 27, 2019) (citing *Hanna v. Plumer*, 380 U.S. 460, 467-68) (1965)). Declining supplemental jurisdiction in this case prevents Plaintiff from filing in this court to circumvent the procedural protections present in state court. *See Cuddeback*, 262 F. Supp. 3d at 1031 (holding that plaintiff who had filed numerous ADA actions in federal court was engaging in forum shopping "to avoid California's heightened pleading requirements for disability discrimination claims."); *Ara Lebanese Grill*, 2019 WL 1057919, at *5 ("it would be improper to allow Plaintiff to use the federal court system as a loophole to evade California's pleading requirements.")

In sum, because Plaintiff's state law claims predominate over his federal claim under the ADA, and the interests of comity and discouraging forum shopping constitute exceptional circumstances, the court has determined that declining supplemental jurisdiction over claims one through eight in the FAC is warranted.

---

2019-00014337-CU-CR-CTL; *Bentley v. San Diego Investments, LLC.*, Case No. 37-2019-00014352-CU-CR-CTL; *Spikes v. San Diego Investments LLC.*, et al., Case No. 19cv634-H-MSB; *Bentley v. Sanchez*, 37-2019-00016207-CU-CR-CTL; *Spikes v. Sanchez et al.*, Case No. 19cv535-MMA-MDD; *Bentley v. Shockley*, Case No. 37-2019-00014346-CU-CR-CR-CTL; *Spikes v. Shockley, et al.*, Case No. 19cv523-DMS-JLB. Judge Dembin noted that the 15 duplicative cases were the ones that the court had been made aware of and that there may be additional cases.

[8] Two of these cases appear to have been filed in 2019 by Mr. Spikes after federal district courts have declined supplemental jurisdiction over his state law claims.

**Conclusion**

In accordance with the forgoing, Defendants' motion to dismiss, (Doc. No. 8) is granted in part and denied in part. The motion to dismiss the ADA claim under either Rules 12(b)(1) or 12(b)(6) of the Federal Rules of Civil Procedure is **DENIED**. However, since the court is declining supplemental jurisdiction over Plaintiff's state law claims, Plaintiff's claims for violation of the Unruh Act, violation of California Health and Safety Code section 19955, et seq., negligence per se, negligence, declaratory relief, and injunctive relief are **DISMISSED WITHOUT PREJUDICE** to refiling in state court.

IT IS SO ORDERED.

Dated: April 8, 2020

Hon. Jeffrey T. Miller
United States District Judge